# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CITIZENS BANK, N.A., | ) |
| Plaintiff, | ) 2:18-cv-00826-RJC |
| vs. | ) |
| WILLIAM BAKER, | ) Judge Robert J. Colville |
| Defendant, | ) |
| and | ) |
| ANTHONY PRATT, | ) |
| Consolidated Defendant. | ) |

## **OPINION**

Robert J. Colville, United States District Court Judge

Before the Court is Defendants' Motion for Modification (ECF No. 165). Upon consideration of Defendants' Motion, the parties' briefing with respect to this Motion (ECF Nos. 166, 169, 171), and for the reasons set forth below, the Court shall grant Defendants' Motion.

Defendants request modification of the Court's Memorandum Order (ECF No. 47)[1] dated October 5, 2018. This Order granted preliminary injunctive relief against Defendants, specifically enjoining Defendants, *inter alia*, "[f]rom contacting or soliciting business from any current or

---

[1] ECF No. 43 at Civil Action No. 18-920. The Court notes that Civil Action No. 18-826 and Civil Action No. 18-920 were consolidated by Court Orders (ECF No. 119 and ECF No. 113, respectively) dated June 14, 2019. Accordingly, filings were made on both dockets prior to consolidation, and only at the above-captioned civil action number (18-826) following consolidation. In all material respects, the Motions and briefing filed by the individual Defendants that are discussed in this Opinion are identical, as are the Court Orders discussed herein, except for ECF filing number. For ease of reference, the Court shall hereinafter cite only to the relevant ECF number at the current docket (2:18-cv-00826).

prospective client of Citizens whom Baker and/or Pratt served or whose name became known to Baker and/or Pratt while they were employed by Citizens." Mem. Order 9, ECF No. 47.

Defendants' Motion for Modification requests that this Court "modify" the preliminary injunction Memorandum Order by immediately terminating the above-quoted provision. Def. Mot. for Modification ¶ 10, ECF No. 165. As justification for this relief, Defendants argue that relevant circumstances have changed since the preliminary injunction was granted, and that reconsideration of the injunction is thus warranted. Specifically, Defendants assert that the time this case has taken to litigate has resulted in the preliminary injunction extending more than eight months longer than provided for by the restrictive covenants that form the basis of Plaintiff's initial request for injunctive relief.[2]

Defendants raised a similar argument in their respective March 8, 2019 Motions for Rule 54(b) Reconsideration. Mot. for Rule 54(b) Recons. ¶¶ 7-8, ECF No. 94 ("7. The prohibition on contact in the Order is overly broad in scope and duration as it exceeds the restrictions in the Agreement upon which the Order is based. 8. The lack of an end date in the Order extends the prohibitions beyond those contained in the Agreement. The preliminary injunction in this case will likely continue past the one-year anniversary of the end of the Agreement term."). These Motions were denied as untimely, pursuant to Fed. R. Civ. P. 59(e), by Memorandum Order (ECF No. 112) dated April 25, 2019. In denying the Motions, the Honorable Nora Barry Fischer also explained:

> Further, "[m]odification of an injunction is proper only when there has been a change of circumstances between entry of the injunction and the filing of the motion that would render the continuance of the injunction in its original form inequitable." *Favia v. Indiana Univ. of Pennsylvania*, 7 F.3d 332, 337 (3d Cir. 1993) (citing *Merrell–Nat'l Lab., Inc. v. Zenith Lab., Inc.*, 579 F.2d 786, 791 (3d Cir. 1978)). Here, Defendants' motions unequivocally seek reconsideration due to alleged

---

[2] Defendants resigned on June 1, 2018, and the restrictive covenants at issue contain a twelve-month restriction on solicitation from the last day of employment. Defs.' Br. in Supp. 1, ECF No. 166.

2

errors committed by the Court in its initial rulings and do not rely upon any changes in circumstances between the entry of the orders and the filing of their motions.

Mem. Order 2-3, ECF No. 112.

Plaintiff argues that Defendants' Motion is an untimely Fed. R. Civ. P. 59(e) motion for reconsideration. Plaintiff further argues that, in any event, Defendants' Motion fails to set forth sufficient changed circumstances to support modification of the October 5, 2018 injunction.

"A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief.". *Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 318–19 (3d Cir. 2015) (quoting *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). "Modification of an injunction is proper only when there has been a change of circumstances between entry of the injunction and the filing of the motion that would render the continuance of the injunction in its original form inequitable." *Favia v. Indiana Univ. of Pennsylvania*, 7 F.3d 332, 337 (3d Cir. 1993). In resolving a motion to modify, the United States Court of Appeals for the Third Circuit explained:

> In *Ortho* we compared the circumstances present on the date the injunction was entered with the circumstances alleged in the subsequent motion. *See Ortho*, 887 F.2d at 462–63. Here too, to decide whether the "Motion to Modify Preliminary Injunction" is merely an untimely Rule 59(e) motion for reconsideration disguised as a motion to modify, we compare the circumstances existing on November 2, 1992, the date of entry of the order granting the preliminary injunction, with the circumstances existing when the motion to modify was made. As we noted in *Ortho*, an order granting a preliminary injunction is not indefinitely open to challenge. *Id.*; *see also Merrell–Nat'l Lab.*, 579 F.2d at 791. When a district court enters an order granting preliminary injunctive relief, parties who take exception to its terms must either file a motion for reconsideration in the district court within ten days under Rule 59(e), bring an interlocutory appeal from that order under 28 U.S.C.A. § 1292(a)(1), or wait until the preliminary injunction becomes final and then appeal. I.U.P. did not appeal the entry of the preliminary injunction. Instead, it waited two months and filed what it called a motion to modify.

*Favia*, 7 F.3d at 337-38.[3]

In the present case, Defendants resigned on June 1, 2018. Accordingly, the twelve-month restriction on solicitation provided for by the non-solicitation agreements at issue would have expired on June 1, 2019. These non-solicitation agreements would have been in effect for approximately four months by the time the Court issued its October 5, 2018 preliminary injunction. The twelve-month restriction on solicitation provided for by these restrictive covenants had also not lapsed by the time that Defendants filed their Motions for Rule 54(b) Reconsideration on March 8, 2019, or when Judge Fischer ruled on the same on April 25, 2019. The expiration of this twelve-month period on June 1, 2019 constitutes a change of circumstances between the entry of the preliminary injunction (as well as the Court's subsequent denial of reconsideration) and the filing of the present Motion for Modification. The Court finds that, while the issue of the indefinite duration of the preliminary injunction was raised in Defendants' Motions for Rule 54(b) Reconsideration, the true change of circumstances, namely the expiration of the twelve-month restriction provided by the underlying non-solicitation agreements on June 1, 2019, had not occurred. Accordingly, Defendants set forth a change of circumstances sufficient to warrant the Court's consideration of whether such a change renders the continued enforcement of the preliminary injunction in its present form inequitable.

The Court notes that neither Pennsylvania nor Rhode Island law favors restrictive covenants not to compete. *See Colorcon, Inc. v. Lewis,* 792 F. Supp. 2d 786, 797 (E.D. Pa. 2011) (quoting *Hess v. Gebhard & Co.*, 570 Pa. 148, 808 A.2d 912, 917 (2002)) ("Although generally enforceable, covenants not to compete 'are not favored in Pennsylvania and have been historically

---

[3] The Court notes that Federal Rule of Civil Procedure 59(e) now allows for a period of twenty-eight (28) days for the filing of a motion to alter or amend a judgment.

viewed as a trade restraint that prevents a former employee from earning a living.'"); *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 14 (1st Cir. 2009) ("Defendants cited Rhode Island state law, which disfavors non-competition covenants. *See, e.g., Cranston Print Works Co. v. Pothier*, 848 A.2d 213, 220 (R.I. 2004); *Koppers Prods. Co. v. Readio*, 60 R.I. 207, 197 A. 441, 444–45 (1938) (stating that 'noncompetitive employment contracts are carefully scrutinized by the court and only enforced when reasonable and when the restriction does not extend beyond what is apparently necessary for the protection of those in whose favor they are made.')"). While Plaintiff cites to Rhode Island case law for the proposition that equitable extension of restrictive covenants is permissible, the Court notes that the decision to award such an equitable remedy would, by nature, be fact specific and discretionary, and certainly not mandatory. *See Home Gas Corp. of Massachusetts v. DeBlois Oil Co.*, 691 F. Supp. 567, 578 (D.R.I. 1987) ("Under the terms of the written agreements the covenant not to disclose customer lists was to last two years from termination of the contract which occurred on February 26, 1986. It would be an idle gesture for the Court to grant an injunction that will terminate on February 26, 1988, but seven months from now. The injunction, therefore, is extended for a period of two years to begin on the date of the entry of judgment.").[4]

The restrictive covenants at issue have been enforced by Court Order for the past seventeen months, five months longer than the restriction on solicitation provided for in the non-solicitation agreements which Plaintiff set out to enforce by initiating this action. The Court cannot find that Plaintiff will continue to suffer irreparable harm if the injunction is not enforced until the time of

---

[4] Pennsylvania courts have disapproved of extensions of a covenant not to compete unless the covenant's own terms allow for such an extension. *Maaco Franchising, Inc. v. Augustin*, No. CIV.A. 09-4548, 2010 WL 1644278, at *3 (E.D. Pa. Apr. 20, 2010) (citing *Davis v. Buckham*, 280 Pa.Super. 106, 421 A.2d 427, 431 (Pa.Super.Ct.1980)). Further, a "violation of a covenant not to compete does not extend the period of a covenant." *Maaco Franchising, Inc.*, 2010 WL 1644278, at *4.

5

trial in this matter,[5] as Plaintiff has already seen the non-solicitation agreements enforced for a period longer than Plaintiff and Defendants had initially bargained for. Plaintiff may seek damages from Defendants with respect to the violations at issue, but the Court finds that continued enforcement of the preliminary injunction which prohibits Defendants "[f]rom contacting or soliciting business from any current or prospective client of Citizens whom Baker and/or Pratt served or whose name became known to Baker and/or Pratt while they were employed by Citizens" is inequitable. The Court finds that the expiration of the twelve-month restriction on solicitation provided for by the restrictive covenants that Plaintiff sought to enforce by preliminary injunction constitutes a change of circumstances between the entry of the preliminary injunction and the filing of Defendants' Motion for Modification, and further finds that this change of circumstances renders continued enforcement of the Court's October 5, 2018 preliminary injunction inequitable. Accordingly, Defendants are entitled to a modification of Court's preliminary injunction.

Defendants also argue that this Court is barred by the law of the case doctrine from granting modification in this matter. Pursuant to the law of the case doctrine, a court is barred from reconsidering "matters once decided during the course of a single continuing lawsuit." *Council of Alternative Political Parties v. Hooks*, 179 F.3d 64, 69 (3d Cir. 1999) (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 3d § 4478* at 788 (1981)). "Under the law-of-the-case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Am. Civil Liberties Union v. Mukasey*, 534 F.3d 181, 187 (3d Cir. 2008) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, 108 S.Ct. 2166, 2177, 100

---

[5] The injunction, if not modified, shall end at time of trial. *See* Pl.'s Opp'n to Defs.' Mot. for Modification 8, ECF No. 169 ("Citizens is not seeking a permanent injunction prohibiting solicitation in this case, nor does it believe it is entitled to a permanent injunction.").

L.Ed.2d 811 (1988)).  Reconsideration of such a decision may be justified, however, "in extraordinary circumstances such as where: (1) there has been an intervening change in the law; (2) new evidence has become available; or (3) reconsideration is necessary to prevent clear error or a manifest injustice." *Council of Alternative Political Parties v. Hooks*, 179 F.3d 64, 69 (3d Cir. 1999) (citing *In re City of Philadelphia Litigation*, 158 F.3d 711, 718 (3d Cir.1998)).

In the present case, the initial twelve-month restriction provided by the underlying non-solicitation agreements at issue had not expired when Defendants presented their Motions for Rule 54(b) Reconsideration to Judge Fischer.  The twelve-month restriction provided by the underlying non-solicitation agreements would have expired on June 1, 2019.  This expiration constitutes a change of circumstances that had not occurred, and was simply not ripe for consideration, at the time Judge Fischer rendered her decision denying reconsideration.  Accordingly, the Court is not barred by the law of the case doctrine from modifying the October 5, 2018 preliminary injunction.

For the reasons discussed above, Defendants are entitled to a modification of the Court's October 5, 2018 Preliminary Injunction Order terminating the provision which prohibits Defendants "[f]rom contacting or soliciting business from any current or prospective client of Citizens whom Baker and/or Pratt served or whose name became known to Baker and/or Pratt while they were employed by Citizens."  An appropriate Order of Court will follow.

BY THE COURT:

s/*Robert J. Colville*_____
Robert J. Colville
United States District Court Judge

DATED: March 16, 2020

cc/ecf: All counsel of record

7